UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JARON B. BUTLER, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 1:24-cv-00352-LEW |
| | ) |
| JUDGE DAVID MITCHELL, et al., | ) |
| | ) |
| Respondents | ) |

**RECOMMENDED DECISION ON REQUEST FOR HABEAS RELIEF**

Petitioner, who is evidently serving a state sentence, filed a petition for a writ of habeas corpus and related documents. (Petition, ECF No. 1; Additional Attachments, ECF No. 4.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases (state court habeas actions), upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face...").[1] A preliminary review of the petition, therefore, is appropriate.[2]

---

[1] To the extent Petitioner seeks relief pursuant to 28 U.S.C. § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

[2] 28 U.S.C. § 2243 also supports a preliminary review. Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

Petitioner's filings consist of references to legal authority and directives to the respondents. One of the filings evidently purports to be an order from this Court. (Attachment, ECF No. 4.) Petitioner has alleged no facts that would entitle him to relief. Accordingly, I recommend the Court dismiss this matter. *See Hale v. Social Security Administration Commissioner*, No. 1:16-cv-00573-DBH, 2016 WL 7441617, at *2 (D. Me. Dec. 27, 2016) *rec'd dec. aff'd*, 2017 WL 499889 (Feb. 7, 2017) (court dismissed case where "Plaintiff's filings consist[ed] of references to certain legal authority (e.g., rules, statutes) and allegations that do not appear related to each other or the referenced legal authority.") .

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of October, 2024.