UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JARON B. BUTLER,<br><br>    Petitioner<br><br>v.<br><br>JUDGE DAVID MITCHELL, et al.,<br><br>    Respondents | )<br>)<br>)<br>)<br>)   1:24-cv-00352-LEW<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION ON MOTION
FOR RELIEF FROM JUDGMENT**

On January 14, 2025, the Court dismissed Petitioner's request for habeas relief. (Recommended Decision, ECF No. 5; Order Affirming Recommended Decision, ECF No. 6; Judgment, ECF No. 7.) Petitioner recently filed another habeas pleading in this case, which filing the Court has construed as a motion for relief from judgment. (Motion, ECF No. 8.) I recommend the Court deny Petitioner's request for post-judgment relief.

**DISCUSSION**

Federal Rule of Civil Procedure 60 governs the Court's consideration of Petitioner's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6)

any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Rule 60(b) affords relief from final judgments only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

As with the original petition, Petitioner's filing consists of references to various legal authority without any facts that might demonstrate the relevancy of the authority Petitioner cites. Notably, Petitioner has not alleged facts that would support relief from judgment under Rule 60. That is, Petitioner does not assert facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Petitioner has not shown that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Petitioner's contentions do not constitute any "other reason that justifies relief."[1] Petitioner, therefore, has not asserted a ground for which relief from judgment is available.

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

**CONCLUSION**

Based on the foregoing analysis, I recommend the Court deny Petitioner's motion for relief from judgment.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of January, 2025.